IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| ERIN BLANCHARD, | ) |
| | ) |
| Plaintiff | )   Civil Action No.: |
| | ) |
| vs. | )   **NOTICE OF REMOVAL** |
| | ) |
| CHRYSLER GROUP LLC, | ) |
| | ) |
| Defendant. | ) |

Defendant Chrysler Group LLC ("Chrysler Group") hereby removes to this Court, pursuant to 28 U.S.C. §§ 1441 and 1452, an action pending in the District Court of the Fourth Judicial District, Hennepin County, Minnesota, Case No.: 27-CV-11-12253 (the "State Action").[1]  The State Action is a civil proceeding arising under or arising in Title 11 of the United States Code, the United States Bankruptcy Code.  Therefore, this Court has original jurisdiction over the State Action under 28 U.S.C. § 1334 and the State Action is removable under 28 U.S.C. § 1452.  The State Action is also removable under 28 U.S.C. § 1441(a) and (b) because it is founded on a claim or right arising under the laws of the United States, as set forth in 28 U.S.C. § 1331.

## BACKGROUND

### The Chrysler LLC Bankruptcy

1.      On April 30, 2009, the manufacturer of the vehicle that is the subject of this action, Chrysler LLC (subsequently known as Old Carco LLC) and 24 of its affiliated entities (collectively "Debtors"), filed for bankruptcy protection in the United States Bankruptcy Court for the Southern

---

[1] Chrysler Group intends to move to transfer this action to the United States Bankruptcy Court for the Southern District of New York promptly after the filing of this Notice.

District of New York, Case No. 09-50002. *See In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (Bankr. S.D.N.Y.).

2.    On May 19, 2009, the Debtors and a newly formed and independent entity now known as Chrysler Group LLC (Defendant herein) entered into a Master Transaction Agreement ("MTA") under the terms of which Chrysler Group LLC purchased substantially all of Debtors' assets and assumed certain of their liabilities (MTA, attached hereto as Exhibit "A").

3.    On June 1, 2009, the Bankruptcy Court entered its "Order (I) Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures and (III) Granting Related Relief" (Sale Order, attached hereto as Exhibit "B"). The transaction identified in the Sale Order closed on June 10, 2009.

4.    In the Sale Order, the Bankruptcy Court expressly addressed the issue of whether Chrysler Group (i.e., the "Purchaser") would have any responsibility for the liabilities of the Debtors:

> Except for the Assumed Liabilities expressly set forth in the Purchase Agreement or described therein or Claims against any Purchased Company, none of the Purchaser, its successor or assigns or any of their respective affiliates shall have any liability for any Claim that (a) arose prior to the Closing Date, (b) relates to the production of vehicles prior to the Closing Date or (c) otherwise is assertable against the Debtors or is related to the Purchased Assets prior to the Closing Date. The Purchaser shall not be deemed, as a result of any action taken in connection with the Purchase Agreement or any of the transactions or documents ancillary thereto or contemplated thereby or the acquisition of the Purchased Assets, to: (a) be a legal successor, or otherwise be deemed a successor to the Debtors (other than with respect to any obligations arising under the Assumed Agreements from and after the Closing); (b) have, *de facto*, or otherwise, merged with or into the Debtors; or (c) be a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors. Without limiting the foregoing, the Purchaser shall not have any successor, derivative or vicarious liabilities of any kind or character for any Claims, including, but not limited to, on any theory of successor or transferee liability, *de facto* merge or

2

> continuity, environmental, labor and employment, products or antitrust liability, whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated.

(Sale Order, attached hereto as Exhibit "B" ¶ 35).

5.       Under the MTA, Chrysler Group expressly disclaimed liability for any "Product Liability Claims arising from the sale of Products or Inventory on or prior to the Closing that are not described by Section 2.08(h)" (MTA § 2.09(i), as amended by Amendment No. 4, attached hereto as Exhibit "A").

6.       Section 2.08(h) of the MTA provides that Chrysler Group assumed only such Product Liability Claims relating to vehicles manufactured by the Debtors and sold on or prior to June 2009 "solely to the extent such Product Liability Claims (A) arise directly from motor vehicle accidents occurring on or after the Closing, (B) are not barred by any statute of limitations, (C) are not claims including or related to any alleged exposure to any asbestos-containing material or any other Hazardous Material and (D) do not include any claim for exemplary or punitive damages" (MTA § 2.08(h), as amended by Amendment No. 4).

7.       The MTA defines "Product Liability Claim" broadly to mean "[a]ny Action arising out of, or otherwise relating to in any way in respect of claims for personal injury, wrongful death or property damage resulting from exposure to, or any other warranty claims, refunds, rebates, property damage, product recalls, defective material claims, merchandise returns and/or any similar claims, or any other claim or cause of action, whether such claim is known or unknown or asserted or unasserted, with respect to, Products or items purchased, sold, consigned, marketed, stored, delivered, distributed or transported by the Company Businesses, any Selling Group Member or any

3

of its Subsidiaries, whether such claims or causes of action are known or unknown or asserted or

unasserted" (MTA, Definition Addendum, as amended by Amendment No. 1).

8.      The Sale Order is a final order for which all appellate remedies have been exhausted.

*See Indiana State Police Pension Trust v. Chrysler LLC (In re: Chrysler LLC)*, 576 F.3d 108 (2nd

Cir. 2009); *Indiana State Police Pension Trust v. Chrysler LLC,* 2009 WL 2844364 (U.S.)

(remanding case to the Second Circuit with instructions to dismiss the appeal as moot).

9.      On April 23, 2010, the Bankruptcy Court entered its "Order Confirming Second

Amended Joint Plan of Liquidation of Debtors and Debtors in Possession as Modified" (Order, dated

April 23, 2010, attached hereto as Exhibit "C"). Pursuant to the confirmed Second Amended Plan,

Debtors ceased to exist and their assets were transferred to and vested in Old Carco Liquidation

Trust (Second Amended Plan as Modified, dated April 20, 2010, relevant portions attached hereto as

Exhibit "D").

**The State Action**

10.     On or about June 3, 2011, Plaintiff Erin Blanchard filed a Complaint in the Fourth

Judicial District Court of Hennepin County, Minnesota against Chrysler Group for violations of

Minn. Stat. §325F.665 (the Minnesota "Lemon Law") (Counts 1 and 2); violation of the Magnuson

Moss Warranty Act, 15 U.S.C. § 2201 *et seq.* ("MMWA") (Count 3); and breach of express warranty

and breach of the implied warranty of merchantability pursuant to the MMWA (Counts 4 and 5)

(Summons and Original Complaint, attached hereto as Exhibit "E"). Plaintiff's claims are based

upon allegations that Plaintiff's 2008 Dodge Caliber, VIN: 1B3HB28C18D539076 ("vehicle") was

not fit for its ordinary purpose at the time of delivery on or about October 23, 2008 and that Chrysler

Group failed to conform the vehicle to the applicable "express written new vehicle warranty" (*id.*).

4

11.     On June 9, 2011, Chrysler Group filed its Answer to the Complaint (Answer, attached hereto as Exhibit "F").  On July 1, 2011, the state court issued its Scheduling Order (Scheduling Order, attached hereto as Exhibit "G").

12.     Thereafter, on September 6, 2011, the state court entered a stipulation and consent order to allow Plaintiff leave to amend the Original Complaint to add a cause of action for "breach of service contract" pursuant to the MMWA (Stipulation and Consent Order, attached hereto as Exhibit "H").

13.     On September 9, 2011, Chrysler Group was served with a copy of the Amended Complaint (Amended Complaint, attached hereto as Exhibit "I").  Chrysler Group has not been served with any other process, pleadings or orders.

14.     Chrysler Group is not the manufacturer or warrantor of the subject vehicle and is not a party to the alleged service contract which forms the basis of Count 6 of the Amended Complaint because quite simply, Chrysler Group did not exist until April 28, 2009.  Instead, the bankrupt Debtors manufactured and warranted the subject vehicle and issued the service contract which forms the basis of Count 6 of the Amended Complaint.

## BASIS FOR REMOVAL

**A.     This Court Has Jurisdiction Under 28 U.S.C. § 1334(b) Because the State Action Arises Under or Arises In the Bankruptcy Case of *In re Old Carco LLC (f/k/a Chrysler LLC).***

15.     The outcome of this case depends on how the Bankruptcy Court's Sale Order is construed.  Indeed, any liability of Chrysler Group is premised on the notion that the Sale Order entered by the Bankruptcy Court in *In re Old Carco LLC (f/k/a Chrysler LLC)* created liability for the claims and causes of action asserted by Plaintiff against Chrysler Group in the State Action.  Specifically, Chrysler Group did not exist until *after* Old Carco manufactured and warranted the

subject vehicle and Plaintiff purchased the subject vehicle and service contract at issue herein on October 23, 2008. Therefore, absent the Bankruptcy Court's issuance of the Sale Order, Plaintiff would have absolutely no basis for the claims she makes against Chrysler Group. Accordingly, this Court has jurisdiction over this case under the express wording of 28 U.S.C. § 1334(b), which provides district courts with jurisdiction over all civil proceedings "arising in" the bankruptcy case of *In re Old Carco LLC (f/k/a Chrysler LLC)*. *See* 28 U.S.C. § 1334(b).

16.     Furthermore, this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) because the State Action "arises under title 11." The Bankruptcy Court expressly retained jurisdiction "to interpret, implement and enforce the terms and provisions" of its June 1, 2009 Sale Order "including to . . . protect the Purchaser [Chrysler Group] against any Claims" (Sale Order, attached hereto as Exhibit "B" ¶ 59). Moreover, where, as here, an action involves the interpretation of a bankruptcy order, such proceeding "must be considered to arise under title 11 if the policies underlying the [Bankruptcy] Code are to be effectively implemented." *In re Franklin*, 802 F.2d 324, 326 (9th Cir. 1986); *see also Travelers Indemnity Co.*, 129 S.Ct. 2195, 2205 (2009). Further, it is well-settled that bankruptcy courts have the power to interpret and enforce their own orders. *Travelers,* 129 S. Ct. at 2205 (2009); *In re Eleventh Mines, L.L.C.*, 318 B.R. 682, 687 (8th Cir. 2004); *In re Allegheny Health, Education and Research Foundation*, 383 F.3d 169, 175-176 (3rd Cir. 2004).

17.     Here, the State Action necessarily involves the interpretation, implementation and enforcement of the provisions of the Sale Order, over which the Bankruptcy Court expressly retained jurisdiction. Plaintiff's claims are based upon certain liabilities of the Debtors that were not assumed by Chrysler Group. Specifically, Chrysler Group did not assume liability from Debtors for any claims asserting breach of a service contract issued by Debtors prior to the Closing as such claims are

6

"Product Liability Claims" expressly disclaimed by Chrysler Group under Section 2.09(i) of the MTA (MTA, Section 2.09(i) as Amended by Amendment No. 4, attached hereto as Exhibit "A"). The State Action therefore "arises under title 11" as it seeks to contravene the Bankruptcy Court's own grant of jurisdiction and thus, this Court has jurisdiction over this matter for this reason as well.

**B.      The State Action is a Core Proceeding.**

18.      The Bankruptcy Court has jurisdiction to hear and determine the issues raised by the State Action because it is a "core proceeding" within the meaning of 28 U.S.C. § 157. Specifically, the statute expressly provides that a core proceeding is one involving "orders approving the sale of property." 28 U.S.C. § 157(b)(2)(N). Accordingly, where resolution of a controversy turns on an interpretation or enforcement of a Bankruptcy Court's Sale Order, the case is a "core proceeding." *See In re Eleventh Mines, L.L.C.*, 318 B.R. 682, 687 (8th Cir. 2004) (holding that there is "ample support" for the proposition that "since the [bankruptcy] court had jurisdiction to enter the Sale Order, it must also have jurisdiction to interpret and enforce that order"); *In re Allegheny Health, Education and Research Foundation*, 383 F.3d 169, 175-176 (3rd Cir. 2004) (holding that "the bankruptcy court correctly determined that the suit was a core proceeding because it required the court the interpret and give effect to its previous sale orders") citing *In re Marcus Hook Development Park, Inc.*, 943 F.2d 261, 267 (3rd Cir. 1991); *In re Millennium Sea Carriers, Inc.*, 458 F.3d 92, 95 (2nd Cir. 2006); *In re Petrie Retail, Inc.*, 304 F.3d 223, 229-30 (2nd Cir. 2002) (upholding the finding that a dispute involving assignment of liabilities under a sale order was core proceeding because it "was based on rights established in the Sale Order" and "was uniquely affected by and inextricably linked to the Bankruptcy Court's Sale Order" (citation omitted)); Order Granting Defendant's Motion to Dismiss, *Wolff v. Chrysler Group LLC,* Ad. Proc. No. 10-05007 (Bankr.

S.D.N.Y., July 30, 2010, J. Gonzalez) (wherein the Bankruptcy Court held that a claim originally asserted against Chrysler Group based on an Old Carco vehicle and removed from state court and transferred to the Bankruptcy Court was a core proceeding as it was "ancillary to the Sale Order") (attached hereto as Exhibit "J").  Therefore, this matter is a core proceeding and jurisdiction is proper.

C.     **This Court Has Jurisdiction over this Matter Under 28 U.S.C. § 1331 Because it is Founded on Claims or Rights Arising Under the Laws of the United States.**

19.     Alternatively, this Court has jurisdiction over this matter under 28 U.S.C. § 1331 because the State Action arises under the Laws of the United States.  Plaintiff's state law claims against Chrysler Group are preempted because they are in conflict with federal bankruptcy law and the orders issued by the United States Bankruptcy Court for the Southern District of New York.  As detailed above, the Bankruptcy Court approved and ordered that Chrysler Group's purchase of the assets of the Debtors was to be free and clear of all claims and liabilities except those specifically enumerated in its Sale Order.  Plaintiff's attempt to impose liabilities on Chrysler Group through the State Action directly conflicts with both the Sale Order and federal bankruptcy law and thus, her claims are preempted.  *See In re All American of Ashburn, Inc.*, 56 B.R. 186, 189-190 (Bankr. N.D.Ga. 1986) (holding that sale of bankrupt's assets free and clear of all claims precludes application of successor liability doctrine).  If a federal statute completely preempts a state cause of action, the complaint necessarily "arises under" federal law and the action is subject to removal.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).  Therefore, the State Action is removable for this reason as well.

**D.     Chrysler Group Has Complied With All Applicable Deadlines and Procedures, and Venue is Proper.**

20.     The Amended Complaint was first received by Chrysler Group on September 9, 2011 and thus, removal is timely.  *See* F.R.B.P. Rule 9027(a)(3).  Simultaneous with the filing of this Notice of Removal, Chrysler Group is providing written notice to all parties of record and will promptly file a copy of the Notice with the Clerk of the District Court of the Fourth Judicial District, Hennepin County, Minnesota.  A copy of the Notice of Filing of Removal to be served contemporaneously therewith is attached hereto as Exhibit "K."

21.     This Court embraces the county and court in which the State Action was initially filed.  *See* 28 U.S.C. § 103.  Therefore, this action is properly removed to this Court.

WHEREFORE, Defendant Chrysler Group LLC respectfully requests that the State Action, currently pending in the District Court of the Fourth Judicial District, Hennepin County, Minnesota be removed to this Court.

Dated:  September 28, 2011          **GISLASON, MARTIN, VARPNESS & JANES, P.A.**

By: _____
Shawn E. Seiler (#387986)
Attorneys for Defendant
Chrysler Group LLC
7600 Parklawn Avenue South
Minneapolis, Minnesota 55435
Phone: (952) 831-5793
Fax: (952) 831-7358

9