| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type - Contract |
| | Court File No. 27-CV-11-12253 |
| | Judge Kerry Meyer |

Erin Blanchard,

          Plaintiff,

vs.

Chrysler Group LLC, a Delaware
limited liability company transacting
business in the State of Minnesota,

          Defendant.

**SUMMONS**

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

    **1.**    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Amended Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    **2.**    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

                Todd E. Gadtke
                Daniel J. Brennan
                Gadtke & Brennan, P.A
                11284 – 86th Avenue North
                Maple Grove, MN 55369
                Telephone: (763) 315-4548

    **3.**    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Amended Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Amended Complaint. If you believe the Plaintiff should not be given everything asked for in the Amended Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE AMENDED COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Amended Complaint. If you do not want to contest the claims stated in the Amended Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Amended Complaint even if you expect to use alternative means of resolving this dispute.

The object of this action is a civil claim.

Date: *9/14/11*　　　　　　　　　　　　　　**GADTKE & BRENNAN, P.A.**

By: _____
Todd E. Gadtke (#276704)
Daniel J. Brennan (#284646)
11284 – 86th Avenue North
Maple Grove, MN 55369
Telephone: (763) 315-4548

**ATTORNEYS FOR PLAINTIFF**

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type - Contract |
| | Court File No.: 27-CV-11-12253 |
| | Judge Kerry Meyer |

Erin Blanchard,

          Plaintiff,

vs.                                          **AMENDED COMPLAINT**

Chrysler Group LLC, a Delaware
limited liability company transacting
business in the State of Minnesota,

          Defendant.

Plaintiff Erin Blanchard, as and for her cause of action against Defendant, alleges as follows:

1.

At all times relevant to Plaintiff's claim in this case, Plaintiff has resided at 793 - 10th Avenue, City of Clear Lake, State of Wisconsin.

2.

Defendant is a foreign limited liability company transacting business in the State of Minnesota. Defendant continually and systematically transacts business in the State of Minnesota by selling motor vehicles to its authorized dealers in the State of Minnesota, including the County of Hennepin. Defendant's authorized dealers ultimately sell said motor vehicles to Minnesota consumers. Defendant's agent for service of process is located in Hennepin County. Venue is therefore proper in Hennepin County.

3.

On or about October 23, 2008, Plaintiff purchased a 2008 Dodge Caliber (the "subject vehicle") from Defendant's authorized dealer, Barnett Chrysler in White Bear Lake, Minnesota.

4.

Defendant manufactured the subject vehicle.

5.

The vehicle identification number of the subject vehicle is 1B3HB28C18D539076.

6.

Plaintiff took delivery of the subject vehicle on or about October 23, 2008.

7.

Included with the purchase of the subject vehicle was a manufacturer's express written new vehicle warranty. The warranty is a lifetime Chrysler warranty.

8.

The problems, conditions and/or defects ("nonconformities") experienced by Plaintiff are evidenced by, but not necessarily limited to, broken ignition cylinder, faulty TIPM, electrical problems, and faulty multifunction switch. The vehicle was serviced under warranty on at least four separate occasions for the same confirmed condition.

9.

Plaintiff made repeated attempts to have Defendant correct the warranted problems with the subject vehicle. As a result of said attempts, the subject vehicle was the subject an unreasonable number of repair attempts for the same substantially impairing nonconformity and/or has been out of service by reason of repair for more than 30 days within the first two years following delivery of the subject vehicle to Plaintiff.

## COUNT 1
### VIOLATION OF MINN. STAT. § 325F.665, SUBD. 2.
### ("MINNESOTA LEMON LAW")

10.

Plaintiff realleges Paragraphs 1 through 9 as though fully set forth herein.

11.

Plaintiff is a "consumer" as the Minnesota Lemon Law defines that term.

12.

Defendant is a "manufacturer" as the Minnesota Lemon Law defines that term.

13.

The new vehicle warranty purchased by Plaintiff is a "manufacturer's express warranty" and "warranty" as the Minnesota Lemon Law defines that term.

14.

Plaintiff reported the vehicle nonconformities outlined above to Defendant and/or its authorized dealers during the term of the applicable express warranty and during the two years following the date of original delivery of the new motor vehicle to Plaintiff.

15.

Defendant failed to make the repairs necessary to conform the subject vehicle to the applicable express warranty.

16.

Defendant has therefore violated Minn. Stat. § 325F.665, subd. 2.

17.

Plaintiff, therefore, is entitled to repair of the subject vehicle, and/or to be compensated in an amount to be determined at trial, plus reasonable attorneys' fees and litigation costs incurred in this action as set forth under the Minnesota Lemon Law.

3

## COUNT 2
### VIOLATION OF MINN. STAT. § 325F.665, SUBD. 3.
### ("MINNESOTA LEMON LAW")

18.

Plaintiff realleges Paragraphs 1 through 17 as though fully set forth herein.

19.

The subject vehicle has been out of service by reason of repair for more than 30 cumulative days within two years of delivery of the subject vehicle to Plaintiff.

20.

Defendant attempted an unreasonable number of repairs of the subject vehicle for the same warranted condition or defect within two years of delivery of the subject vehicle to Plaintiff, and/or within the term of the applicable express warranty, without conforming the vehicle to its warranty.

21.

The nonconformities in, and/or the amount of time Defendant took to attempt repairs to, the subject vehicle substantially impair its use and/or market value to Plaintiff.

22.

Plaintiff gave Defendant the notice and an opportunity to repair the subject vehicle required by Minn. Stat. § 325F.665, subd. 3(e).

23.

Plaintiff is, therefore, entitled to the presumption provided by Minn. Stat. § 325F.665, subd. 3(b).

24.

Defendant has therefore violated Minn. Stat. § 325F.665, subd. 3, thereby entitling Plaintiff to vehicle replacement or full refund of the purchase price of the subject vehicle, at Plaintiff's choice, including the cost of any options or other modifications arranged, installed, or made by the

4

manufacturer, its agent, or its authorized dealer within 30 days after the date of original delivery, and all other charges, including, but not limited to, sales or excise tax, license fees and registration fees, reimbursement for towing and rental vehicle expenses incurred by Plaintiff as a result of the vehicle being out of service for warranty repair, plus attorneys' fees and litigation costs incurred bringing this action as set forth in the Minnesota Lemon Law.

## COUNT 3
### VIOLATION OF 15 U.S.C. SECTION 2301 *ET SEQ.* ("MAGNUSON-MOSS WARRANTY ACT")

25.

Plaintiff realleges Paragraphs 1 through 24 as though fully set forth herein.

26.

The subject vehicle is a "consumer product" as the Magnuson-Moss Warranty Act defines that term.

27.

The warranty purchased by Plaintiff is a "warranty" as the Magnuson-Moss Warranty Act defines that term.

28.

Plaintiff is a "consumer" as the Magnuson-Moss Warranty Act defines that term.

29.

Defendant is a "warrantor" as the Magnuson-Moss Warranty Act defines that term.

30.

Defendant has failed to conform the subject vehicle to its written/express warranty after a reasonable number or repair attempts or number of days, notwithstanding Plaintiff having provided Defendant with a reasonable opportunity to do so. Defendant has, therefore, breached its warranty

to Plaintiff pursuant to the Magnuson-Moss Warranty Act and/or, or in conjunction with, Minnesota law.

31.

Defendant has therefore violated the Magnuson-Moss Warranty Act, thereby entitling Plaintiff to (i) revoke acceptance of the vehicle, (ii) receive a full refund of the purchase price of the vehicle plus all out of pocket expenses related to the vehicle, (iii) recover loss of use damages measured by the cost to rent a like vehicle for the periods during which the subject vehicle has not conformed to the written or implied warranties, and (iv) compensation for her reasonable legal fees and litigation costs incurred in prosecuting this matter.

## COUNT 4
### BREACH OF EXPRESS WARRANTY UNDER MAGNUSON-MOSS WARRANTY ACT
### (VIOLATION OF MINN. STAT. § 336.2-607)

32.

Plaintiff realleges Paragraphs 1 through 31 as though fully set forth herein.

33.

Plaintiff notified Defendant of its failure to remedy defects in the subject vehicle within a reasonable time after discovering them, and gave Defendant a reasonable opportunity to cure said defects.

34.

Defendant's express warranty required it to remedy the defects in the subject vehicle, but Defendant failed to do so, or to do so within a reasonable period of time. Defendant has, therefore, breached its express warranty to pursuant to the Magnuson-Moss Warranty Act and/or, or in conjunction with, Minnesota law.

35.

Defendant's breach of warranty has directly and proximately caused Plaintiff's damages.

6

36.

Defendant has thereby violated Minn. Stat. § 336.2-607. Plaintiff is therefore entitled to recover her actual damages, together with all incidental and consequential damages including, but not limited to, loss of use damages from Defendant, plus attorney's fees and litigations costs as provided under 15 U.S.C. § 2301 *et seq.*

## COUNT 5
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER MAGNUSON-MOSS WARRANTY ACT**
**(VIOLATION OF MINN. STAT. § 336.2-314)**

37.

Plaintiff realleges Paragraphs 1 through 36 as though fully set forth herein

38.

Defendant is a merchant with respect to the subject vehicle purchased by Plaintiff.

39.

Included with Plaintiff's purchase of subject vehicle was an implied warranty of merchantability.

40.

The subject vehicle was of a character and quality that it would not pass without objection in the trade under the contract description.

41.

The subject vehicle was not fit for the ordinary purpose for which such good are used.

42.

The subject vehicle was not of fair average quality within the contract description.

43.

Defendant neither excluded nor modified said warranty of merchantability.

7

44.

Defendant has therefore violated Minn. Stat. § 336.2-314 by breaching its implied warranty of merchantability to Plaintiff.

45.

Plaintiff is therefore entitled to recover her actual damages, together with all incidental and consequential damages from Defendant, plus attorney's fees and litigations costs as provided under 15 U.S.C. § 2301 *et seq.*

## COUNT 6
## BREACH OF SERVICE CONTRACT UNDER MAGNUSON-MOSS WARRANTY ACT

46.

Plaintiff realleges Paragraphs 1 through 45 as though fully set forth herein.

47.

Defendant issued, and Plaintiff purchased, a Lifetime Maximum Care vehicle service contract that covered the subject vehicle.

48.

Said service contract obligated Defendant to repair or replace defective parts and to correct mechanical failures in the subject vehicle.

49.

Defendant failed to exercise the skill and knowledge normally possessed by members of the vehicle technician trade in good standing within the community when attempting unsuccessful and repeated repairs to Plaintiff's vehicle.

50.

Defendant used improper or inferior parts in attempting the repeated and unsuccessful repairs to Plaintiff's vehicle.

8

51.

Defendant's service contract required it to remedy the defects in the subject vehicle, but Defendant failed to do so, or to do so within a reasonable period of time.

52.

For each of the above reasons, Defendant breached its service contract.

53.

Defendant's breach of this service contract directly and proximately caused Plaintiff damages measured by the loss in value of the service contract purchased, the difference in value between the inferior parts installed and the correct parts, and/or the decrease in the value of the vehicle.

54.

Plaintiff is entitled to recover her actual damages, together with all incidental and consequential damages including, but not limited to, loss of use damages from Defendant, plus attorney's fees and litigations costs as provided under 15 U.S.C. § 2301 *et seq.*

WHEREFORE, Plaintiff respectfully pray for judgment against Defendant for damages in excess of Fifty Thousand Dollars ($50,000), plus incidental and consequential damages, loss of use damages, attorney fees and litigation costs in a reasonable amount to be specifically proven at the time of trial, together with pre-judgment and post-judgment interest and all other costs the Court deems just.

Date: __9/25/11__   GADTKE & BRENNAN, P.A.

By: _____
Todd E. Gadtke (#276704)
Daniel J. Brennan (#284646)
11284 – 86th Avenue North
Maple Grove, MN 55369
Telephone: (763) 315-4548

**ATTORNEYS FOR PLAINTIFF**

## ACKNOWLEDGMENT

Plaintiff asserts these claims in good faith and acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party as provided by Minnesota Statutes Section 549.211, subd. 2 (1994).

Date: 8/25/11

GADTKE & BRENNAN, P.A.

By: _____
Todd E. Gadtke (#276704)
Daniel J. Brennan (#284646)
11284 – 86th Avenue North
Maple Grove, MN 55369
Telephone: (763) 315-4548

**ATTORNEYS FOR PLAINTIFF**

11